UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 4:13-cr-32 |
| v. | ) | |
| | ) | JUDGE MATTICE |
| THOMAS JOEL WAGNER | ) | MAGISTRATE JUDGE CARTER |

REPORT AND RECOMMENDATION

I. Introduction

After the Cowan, Tennessee Police Department executed a search warrant for defendant Thomas Joel Wagner's computer and other electronic devices in his home, he was charged with unlawfully and knowingly possessing child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). Wagner argues that the affidavit used to obtained the search warrant contained material misrepresentations and omitted material facts which, if omitted and included, respectively, would show probable cause was lacking to search defendant's electronic devices for child pornography. He seeks suppression of all evidence obtained as a result of the execution of the search warrant. This matter is before the undersigned Magistrate Judge having been referred for a report and recommendation by the District Court pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons stated herein, it is RECOMMENDED the motion to suppress be DENIED.

II. Facts

*A. The Search Warrant Affidavit*

The affidavit used to procure the search warrant for defendant's computer and other electronic devices was sworn to on August 22, 2013 by Bruce Smith, Assistant Chief of Police of the Cowan, Tennessee Police Department. The affidavit stated in relevant part:

1

2. I am an Assistant Chief with the Cowan Police Department; I am currently assigned to the C.I.D./Patrol Division. I have been with the Cowan police Department for 7 years. I have investigated and prosecuted criminal activities for 7 years.

3. Detective Ronnie Durm for the Winchester Police Department, Franklin, Tennessee, is assisting me in the investigation. Detective Ronnie Durm has been [sic] criminal investigator for 6 years. Detective Ronnie Durm is currently assigned to the Internet Crimes Against Children Task Force with the Winchester Police Department, and has handled numerous computer-related crime investigations.

*  *  *

5. My basis for believing that the computer graphical images depicting minors engaged in sexual activity that is patently offensive in violation of T.C.A. § 39-17-1003 described herein are in the above stated location and that these records are evidence of said violation of criminal law are as follows:

> On 08/21/2013 the Cowan Police Department received information from Detective Ronnie Durm of Winchester Police Department in reference to a Cyber Tip#2008093) from National Center for Missing and Exploited children (NCMEC) in which a child pornographic image with the name "bbrxfppmeq.jpg" was uploaded from the IP address 68.53.0.58 using the user name "johnitguy" on 07/23/2013 at 17:59 UTC to the social media site "Pintrest" [sic]. Cold Brew Labs/Pintrest [sic] legal department then stored the IP address, time and date of the uploaded image (bbrxfppmeq.jpg) and notified NCMEC about the image. The image is described as; I. File name bbrxfppmeq.jpg which depicts two female children between the age of 10-12 years of age nude exposing breasts and genitals standing next to a male child between the age of 7-9 years of age who is nude. Detective Durm advised me that he received the Cybertip on 08/14/2013 and on 08/16/2013, Detective Durm issued a judicial subpoena in Franklin County for the IP address 68.53.0.58, user name and subscriber information which returned the following information; Dynamic Internet Protocol (IP) address registered to: Thomas Wagner [redacted] Cowan, TN 37318 in which there was an email registered by the name of "johnitguy@comcast.net".

(Search Warrant Affidavit, Doc. 15-1, Page ID # 37, 39.)

### B. The Evidentiary Hearing

The undersigned conducted an evidentiary hearing pursuant to *Franks v. Delaware*, 438 U.S. 154, 171 (1978) on August 14, 2014. Det. Ronnie Durm of the Winchester Police Department was the only witness to testify. He testified as follows:

Pinterest contacted the National Center for Missing and Exploited Children (NCMEC) with information that a picture of nude children was posted on its website. The information provided by Pinterest included the email address, the username and the IP address of the user who posted the picture.

Det. Durm explained NCMEC's normal procedures when it receives a report of possible child pornography. The NCMEC runs the picture through a database to determine if the picture has previously been determined to be child pornography or depicts the image of a child who has been in other pictures which constitute child pornography. NCMEC also researches the internet provider to determine through which provider and from what location the image was sent. Then NCMEC gathers this information, including the suspect picture, and puts it on a disc. This package of information is known as a "cybertip" report.

The cybertip report at issue in this case included the information provided by Pinterest as well as the internet provider in Tennessee. The cybertip report identified the "incident type" as "Child Pornography," (Cybertip Report at 1). It was also determined the picture originated from Winchester, Tennessee and the internet provider was Comcast Cable. The complete cybertip report was sent to the ICAC office in Knoxville, Tennessee which then sent the cybertip report to Det. Durm in Winchester, Tennessee. Durm contacted Cowan Asst. Chief of Police Bruce Smith who came to Durm's office to see the cybertip report. Smith and Durm viewed and discussed the photograph. Durm concluded that the photograph was a pornographic image because, as is

3

common in the cases of child pornography which he has investigated, he concluded it had been cropped to focus attention on the breasts and genitals, not the faces, of the two girls. Smith had very little experience investigating child pornography, and he relied on Durm's experience, guidance and conclusions in describing the photograph at issue in the search warrant affidavit.

In order to determine whether there were a material misrepresentation and material omissions made in the affidavit of the photograph at issue, it was necessary that the undersigned also view the photograph, and I make the following observations: filling the frame of the photograph, the three nude children, one prepubescent boy and two pubescent girls, are standing in a row on a beach and have painted on them colorful body art which appears to be flowers and flourishing embellishment. There are other people, barely discernable, in the background. One cannot tell if the other people are nude as well. The girls, one taller than the other, are standing next to each other, and the tops of their heads and their legs from the upper thighs down are outside the frame of the photograph. Half of the taller girl's face is also out of the photograph as is most of her left arm. The shorter girl is wearing a hat and her face is somewhat obscured by the hat and by a shadow descending to her neck. The younger, shorter boy is standing close to them on the right; his entire head is in the photograph, but his genitals are not in the photograph[1].

### III. Analysis

Except for a few specifically established and well-delineated exceptions which are not at issue in this case, a warrantless search is *per se* unreasonable under the Fourth Amendment. *Katz v. United States,* 389 U.S. 347, 357 (1967); *United States v. Hudson*, 405 F.3d 425, 441 (6th Cir. 2005.) The Fourth Amendment of the United States Constitution provides that "no Warrants

---

[1] At the undersigned's request, the government and the defendant's counsel submitted in paper form the photograph at issue which is being kept under seal. Defendant's counsel has verified this photograph by affidavit and relies on the photograph as evidence of the alleged material misrepresentation and alleged material omissions.

4

shall issue, but upon probable cause." "Probable cause for the issuance of a search warrant is defined in terms of whether the affidavit sets out facts and circumstances which indicate a 'fair probability that evidence of a crime will be located on the premises of the proposed search.'" *United States v. Finch*, 998 F.2d 349-352 (6th Cir. 1993) (quoting *United States v. Bowling*, 900 F.2d 926, 930 (6th Cir.1990); *see also United States v. Couch*, 367 F.3d 557, 560 (6th Cir. 2004) ("To justify a search, the circumstances must indicate why evidence of illegal activity will be found in a particular place.") (internal citations omitted).

*Franks v. Delaware*, 438 U.S. 154, 171 (1978) established the procedure by which a defendant could seek the suppression of evidence by challenging the veracity of statements made by an affiant in order to secure a search warrant. "Counsel can attack the validity of a search warrant by alleging that the affidavit contains deliberately false statements." *United States v. Hill*, 142 F.3d 305, 309 (6th Cir. 1998) (citing *Franks v. Delaware*, 438 U.S. 154, 171 (1978)). A defendant can also seek the suppression of evidence by showing that the affiant deliberately or with reckless disregard for the truth made material omissions in the affidavit. *United States v. Fowler*, 535 F.3d 408, 415-16 (6th Cir. 2008); *United States v. Charles*, 213 F.3d 10, 23-24 (1st Cir. 2000); *United States v. Green*, 175 F.3d 822, 828 (10th Cir. 1999); *United States v. McNeil*, 184 F.3d 770, 775 (8th Cir. 1999); *United States v. Chalmers,* 1990 WL 66817*3 (6th Cir. 1990). A material omission is one which, if it had been included in the affidavit, would negate the finding of probable cause. *Green*, 175 F.3d at 828; *Chalmers*, 1990 WL 66817*3.

To successfully challenge a search warrant affidavit on the basis of a material misrepresentation requires an evidentiary hearing during which defendants are allowed to present evidence concerning the veracity of the challenged statements in the search warrant affidavit. *United States v. Keszthelyi,* 308 F.3d 557, 566-68 (6th Cir. 2002); *United States v. Jenkins*, 728

5

Case 4:13-cr-00032-HSM-CHS   Document 22   Filed 09/29/14   Page 5 of 11   PageID #: 59

F.2d 396, 397 (6th Cir. 1984). "In the event that at that hearing the allegation of perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit." *Franks,* 438 U.S. at 155-56; *see also Keszthelyi,* 308 F.3d at 566. In order to obtain such a hearing, the defendant must meet a two-pronged test. First, a defendant must make a substantial preliminary showing that specified portions of the affiant's averments are deliberately or recklessly false. *United States v. Graham*, 275 F.3d 490, 505 (6th Cir. 2001); *United States v. Hill*, 142 F.3d 305, 310 (6th Cir. 1998). "[T]he challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof . . . Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained." *Franks*, 438 U.S. 154, 171. Second, the court must find that the challenged statements are necessary to a finding of probable cause. *Id*.

A challenge to a search warrant affidavit based on alleged material omissions is made in much the same way as a challenge based on alleged material misrepresentations. Under the *Franks* procedure, a defendant must make a preliminary showing, usually by affidavit, that a material omission was made. *See United States v. Fowler*, 535 F.3d 408, 415 (6th Cir. 2008), *Hill*, 142 F.3d at 310. If the defendant comes forward with a preliminary showing of an omission, then the court should consider whether probable cause would have been negated if the omission had been included in the search warrant affidavit. *Id.* If the answer to this last question is affirmative, then an evidentiary hearing is normally necessary to determine whether the

6

alleged omission was, in fact, made intentionally or with reckless disregard for the truth. *Id.*

In the instant case, the defendant is asserting both a material misrepresentation and material omissions in paragraph 5 of the affidavit which describes the suspect image, each allegedly made with intentional or reckless disregard for the truth.

In its response, the government asserts that affiant Smith relied upon Det. Durm's description of the photograph when he (Smith) described the photograph in paragraph 5 of the affidavit. Therefore, asserted the government in its response, if there was a material misrepresentation or omission in the description of the image, it was not made by the affiant, Smith; and therefore, the motion to suppress should be denied. It is true that under *Franks v. Delaware* when considering whether an affidavit contains a misrepresentation or omission, the defendant must show that the falsehood originated from the affiant himself rather than from an informant. *United States v. Ayen*, 997 F.2d 1150, 1152 (6th Cir.1993); *United States v. Rodriguez-Suazo*, 346 F.3d 637, 648 (6th Cir. 2003); *United States v. Giacalone*, 853 F.2d 470, 477 (6th Cir. 1988); *see also, Mays v. City of Dayton*, 134 F.3d 809, 816 (6th Cir. 1998)("*Franks* recognizes that information an affiant reports may not ultimately be accurate, and is willing to tolerate such a result at that early stage of the process, so long as the affiant believed the accuracy of the statement at the time it was made."). However, this understanding regarding informants refers to *nongovernmental* informants, not to other police officers or other government agents who supply information to another police officer who then swears out an affidavit to obtain a search warrant. *See Franks*, 438 U.S. at 171 (stating that only the truthfulness of the affiant may be impeached, not that of a "nongovernmental informant"); *see also United States v. D'Andrea,* 648 F.3d 1, 13 (1st Cir. 2011) ("Nor should *Franks* be read to apply only to misrepresentations made by the affiant himself, because such a reading would

7

allow the police to slip lies into affidavits with impunity simply by passing them through an officer ignorant of their falsehood.") Consequently, the undersigned will examine those statements and that information in the affidavit at issue which were derived from Det. Durm under the same standard as if said statements and information had originated from Asst. Chief Smith.

Defendant contends that the affiant's (and Det. Durm's) characterization of the photograph as a "child pornographic image" is a material misrepresentation. Defendant also asserts that the affiant's failure to describe the body art on the children and to state that they are on the beach with other people are material omissions.

As is the required procedure under *Franks v. Delaware,* the undersigned will omit the alleged material misrepresentation and insert the alleged material omissions and then examine the affidavit to determine if it still sets forth probable cause. If not, then the undersigned must determine whether there are, in fact, material misrepresentations and omissions in the affidavit, and, if so whether they were made intentionally or with reckless disregard for the truth.

It is unlawful in Tennessee to knowingly possess material that includes a minor engaged in sexual activity. Tenn. Code Ann. § 39-17-1003(a)(1). Sexual activity is defined, in relevant part, as "lascivious exhibition of the female breast or genitals, buttocks, anus or rectal area of any person." Tenn. Code Ann. § 39-17-1002(8)(G).[2] Defendant contends that if the affiant had not characterized the photograph as a "child pornographic image" and had included in the description that the children were wearing colorful body art and were simply standing on a beach with other persons present, then the description of the photograph would not have indicated it

---

[2] Defendant argues, accurately the undersigned concludes, that the only definition of "sexual activity" as defined by Tenn. Code Ann. § 39-17-1002(8) which may apply to the photograph at issue is that found in Tenn. Code Ann. § 39-17-1002(8)(G) regarding "lascivious exhibition."

8

was a "child pornographic image," and the affidavit would not have supplied probable cause to search defendant's computer and other electronic devices for child pornography. The undersigned tends to agree that had the image been described as such, probable cause would have been lacking. But the undersigned finds defendant's particular description of the image is incomplete.

During Det. Durm's testimony, I carefully observed his demeanor and I considered his experience on the ICAC Unit. Det. Durm gave a measured and reasonable explanation for his determination that the image at issue was a child pornographic image; namely that, despite the beach, the body art, and the people in the background, it was framed in such a way as to minimize focus on the girls' faces and maximize focus on the girls' breasts and genitalia. If the undersigned is to insert into the affidavit the omissions concerning the body art, the beach, and the other people, it is also appropriate for the undersigned to insert the manner in which the image is framed. In other words, if the undersigned is to discern the nature of the image at issue to decide whether material misrepresentations or material omissions have been made, then the undersigned should consider all characteristics of the image – not just the ones noted solely by the government or solely by the defendant.

I recognize that it is not always easy to determine whether an image is or isn't pornography. Justice Potter Stewart illustrated this dilemma when he made the now famous statement about pornography in *Jacobellis v. Ohio*, "I know it when I see it." 378 U.S. 184, 197 (1964) (Stewart, J., concurring). In this instance, Det. Durm, and, in turn, Asst. Police Chief Smith, made a difficult call, but, given the totality of the circumstances, I cannot find the statement that the image was a "child pornographic image" was a misrepresentation.

9

In *Tennessee v. Dixon*, No. 01C01-9802-CC-00085 (Tenn. Crim. App. Oct. 13, 1998), the court, in considering whether a certain video of two minor girls met the statutory definition of lascivious, adopted the six factors enumerated in *United States v. Dost*, 636 F.Supp. 828, 832 (S.D. Cal. 1986). Under *Dost*, relevant factors to consider when determining whether an image is lascivious include:

1) whether the focal point of the visual depiction is on the child's genitalia or pubic area;

2) whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity;

3) whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child;

4) whether the child is fully or partially clothed, or nude;

5) whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity;

6) whether the visual depiction is intended or designed to elicit a sexual response in the viewer.

The list is not exhaustive and the image need not involve all these factors to be deemed lascivious. *Dost,* 636 F. Supp. at 832.

There were three nude children in the photograph and the middle and right side of the photograph focus on the breasts and genitalia of the two nude, pubescent girls. Defendant argues that the focus was on their body art, not their breasts and genitalia; however, it is impossible to look at one without looking at the other, and it is impossible to look at the image without your attention being focused on both. One could reasonably conclude that this particular focus was designed to elicit a sexual response. Further, in this region of the country, where defendant and his computer is located and where Tenn. Code Ann. § 39-17-1003(a) applies, nude photographs of pubescent girls which focus on their breasts and genitals is deemed highly inappropriate (factor 3). That someone else might view the photograph as innocent does not land a fatal blow

10

to Det. Durm's conclusion that the image at issue provided probable cause to search the defendant's electronic devices. "[I]t is not necessary to eliminate all but one possible explanation in order to establish probable cause." *United States v. Delguyd,* 542 F.2d 346, 351 (6th Cir. 1976). Probable cause is a "flexible, common sense standard" which requires no showing that the officer's belief is correct or more likely true than false. *Texas v. Brown*, 460 U.S. 730, 742 (1983); *Farm Labor Org. Comm. v. Ohio State Highway State*, 308 F.3d 523, 555 (6th Cir. 2002). "A police officer may draw inferences based on his own experience in deciding whether probable cause exists." *Ornelas v. United States*, 517 U.S. 690, 700 (1996); *United States v. Cortez*, 449 U.S. 411, 418 (1981).

Furthermore, assuming *arguendo* that the "child pornographic image" statement is a material misrepresentation, I certainly do not find that it was made intentionally or with reckless disregard for the truth. Concomitantly, I do not find that material omissions from the affidavit, if any, were made with an intentional or reckless disregard for the truth. Accordingly, it is RECOMMENDED[3] that defendant's motion to suppress be DENIED.

                                                S /*William B. Mitchell Carter*
                                                UNITED STATES MAGISTRATE JUDGE

---

[3] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 59(b)(2) of the Federal Rules of Criminal Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).