UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | Case No. 4:13-cr-32 |
| v. | ) | |
| | ) | Judge Mattice |
| THOMAS JOEL WAGNER, | ) | Magistrate Judge Carter |
| | ) | |
| *Defendant.* | ) | |
| | ) | |

## ORDER

On September 29, 2014, United States Magistrate Judge William B. Carter filed his Report and Recommendation (Doc. 22) pursuant to 28 U.S.C. § 636(b)(1). In his Report and Recommendation, Magistrate Judge Carter recommended that Defendant's Motion for a Hearing Pursuant to *Franks v. Delaware* (Doc. 13) be denied. On October 3, 2014, Defendant filed timely objections to the Report and Recommendation. (Doc. 23).

The Court has now reviewed the entire record relevant to the instant objections, and for the reasons described below, the Court will **ACCEPT and ADOPT** Magistrate Judge Carter's Report and Recommendation and will **DENY** Defendant's Motion for a Hearing Pursuant to *Franks v. Delaware*.

**I.    BACKGROUND**

Magistrate Judge Carter accurately summarized the pertinent facts in his Report and Recommendation as follows:

> *A. The Search Warrant Affidavit*
>
> The affidavit used to procure the search warrant for defendant's computer and other electronic devices was sworn to on August 22, 2013 by

Bruce Smith, Assistant Chief of Police of the Cowan, Tennessee Police Department. The affidavit stated in relevant part:

> 2. I am an Assistant Chief with the Cowan Police Department; I am currently assigned to the C.I.D./Patrol Division. I have been with the Cowan police Department for 7 years. I have investigated and prosecuted criminal activities for 7 years.
>
> 3. Detective Ronnie Durm for the Winchester Police Department, Franklin, Tennessee, is assisting me in the investigation. Detective Ronnie Durm has been [sic] criminal investigator for 6 years. Detective Ronnie Durm is currently assigned to the Internet Crimes Against Children Task Force with the Winchester Police Department, and has handled numerous computer-related crime investigations.
>
> * * *
>
> 5. My basis for believing that the computer graphical images depicting minors engaged in sexual activity that is patently offensive in violation of T.C.A. § 39-17-1003 described herein are in the above stated location and that these records are evidence of said violation of criminal law are as follows:
>
>> On 08/21/2013 the Cowan Police Department received information from Detective Ronnie Durm of Winchester Police Department in reference to a Cyber Tip#2008093) from National Center for Missing and Exploited children (NCMEC) in which a child pornographic image with the name "bbrxfppmeq.jpg" was uploaded from the IP address 68.53.0.58 using the user name "johnitguy" on 07/23/2013 at 17:59 UTC to the social media site "Pintrest" [sic]. Cold Brew Labs/Pintrest [sic] legal department then stored the IP address, time and date of the uploaded image (bbrxfppmeq.jpg) and notified NCMEC about the image. The image is described as; I. File name bbrxfppmeq.jpg which depicts two female children between the age of 10-12 years of age nude exposing breasts and genitals standing next to a male child between the age of 7-9 years of age who is nude. Detective Durm advised me that he received the Cybertip on 08/14/2013 and on 08/16/2013, Detective Durm issued a judicial subpoena in Franklin County for the IP address 68.53.0.58, user name and subscriber information which returned the following information; Dynamic Internet Protocol (IP) address registered to: Thomas Wagner

[redacted] Cowan, TN 37318 in which there was an email registered by the name of "johnitguy@comcast.net".

(Search Warrant Affidavit, Doc. 15-1, Page ID # 37, 39.)

B. The Evidentiary Hearing

The undersigned conducted an evidentiary hearing pursuant to *Franks v. Delaware*, 438 U.S. 154, 171 (1978) on August 14, 2014. Det. Ronnie Durm of the Winchester Police Department was the only witness to testify. He testified as follows:

Pinterest contacted the National Center for Missing and Exploited Children (NCMEC) with information that a picture of nude children was posted on its website. The information provided by Pinterest included the email address, the username and the IP address of the user who posted the picture.

Det. Durm explained NCMEC's normal procedures when it receives a report of possible child pornography. The NCMEC runs the picture through a database to determine if the picture has previously been determined to be child pornography or depicts the image of a child who has been in other pictures which constitute child pornography. NCMEC also researches the internet provider to determine through which provider and from what location the image was sent. Then NCMEC gathers this information, including the suspect picture, and puts it on a disc. This package of information is known as a "cybertip" report.

The cybertip report at issue in this case included the information provided by Pinterest as well as the internet provider in Tennessee. The cybertip report identified the "incident type" as "Child Pornography," (Cybertip Report at 1). It was also determined the picture originated from Winchester, Tennessee and the internet provider was Comcast Cable. The complete cybertip report was sent to the ICAC office in Knoxville, Tennessee which then sent the cybertip report to Det. Durm in Winchester, Tennessee. Durm contacted Cowan Asst. Chief of Police Bruce Smith who came to Durm's office to see the cybertip report. Smith and Durm viewed and discussed the photograph. Durm concluded that the photograph was a pornographic image because, as is common in the cases of child pornography which he has investigated, he concluded it had been cropped to focus attention on the breasts and genitals, not the faces, of the two girls. Smith had very little experience investigating child pornography, and he relied on Durm's experience, guidance and conclusions in describing the photograph at issue in the search warrant affidavit.

3

> In order to determine whether there were a material misrepresentation and material omissions made in the affidavit of the photograph at issue, it was necessary that the undersigned also view the photograph, and I make the following observations: filling the frame of the photograph, the three nude children, one prepubescent boy and two pubescent girls, are standing in a row on a beach and have painted on them colorful body art which appears to be flowers and flourishing embellishment. There are other people, barely discernable, in the background. One cannot tell if the other people are nude as well. The girls, one taller than the other, are standing next to each other, and the tops of their heads and their legs from the upper thighs down are outside the frame of the photograph. Half of the taller girl's face is also out of the photograph as is most of her left arm. The shorter girl is wearing a hat and her face is somewhat obscured by the hat and by a shadow descending to her neck. The younger, shorter boy is standing close to them on the right; his entire head is in the photograph, but his genitals are not in the photograph.

(Doc. 22 at 1-4).

## II. ANALYSIS

Defendant has specifically objected to Magistrate Judge Carter's finding that the image rises to the level of being lascivious and Magistrate Judge Carter's finding that Assistant Chief Smith did not have reckless disregard for the truth when he filled out the affidavit for the arrest warrant. (Doc. 23). The Court will address each argument in turn.

When reviewing objections to a Report and Recommendation, the Court must conduct a *de novo* review of those portions of the Report and Recommendation to which objection is made, and it may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1)(C).

Defendant argues that he should be granted a *Franks* hearing because Assistant Chief Smith made a material representation in his affidavit by describing the photograph as a "child pornographic image" and omitted facts in his affidavit by failing

4

to describe the background and body art on the children when securing the search warrant. *See Franks v. Delaware*, 438 U.S. 154, 171 (1978). *Franks* established the procedure by which a defendant could seek the suppression of evidence by challenging the veracity of statements made by an affiant in order to secure a search warrant. "Counsel can attack the validity of a search warrant by alleging that the affidavit contains deliberately false statements." *United States v. Hill*, 142 F.3d 305, 309 (6th Cir.), *cert. denied*, 525 U.S. 898 (1998) (citing *Franks v. Delaware*, 438 U.S. 154, 171 (1978). Under *Franks*, counsel can attack a search warrant at an evidentiary hearing during which defendants are allowed to present evidence concerning the veracity of the challenged statements in the search warrant affidavit. *See United States v. Jenkins*, 728 F.2d 396, 397 (6th Cir. 1984). "In the event that at that hearing the allegation of perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit." *Franks,* 438 U.S. at 156.

*Franks* has also been extended to permit a defendant to seek suppression of evidence when an affiant has made material omissions in his affidavit. *United States v. Fowler*, 535 F.3d 408, 415 (6th Cir. 2008). However, to obtain a *Franks* hearing on the basis of a material omission, there is a "higher bar" because of "the 'potential for endless rounds of *Franks* hearings' due to potentially 'endless conjecture about investigative leads, fragments of information, or other matter that might, if included, have redounded to defendant's benefit.'" *Id.* at 415-16 (quoting *United States v. Martin*,

5

920 F.2d 393, 398 (6th Cir. 1990)). In order to be entitled to such a hearing, the defendant must meet a two-pronged test. First, the defendant must make a "substantial preliminary showing that the affiant engaged in deliberate falsehood or reckless disregard for the truth in omitting information from the affidavit." *Id.* at 416. If the defendant establishes the substantial preliminary showing, the court must then find that "a finding of probable cause would not be supported by the affidavit if the omitted material were considered to be a part of it." *Id.*

In his Report and Recommendation, Magistrate Judge Carter concluded that there would have been sufficient probable cause to search Defendant's computer and other electronic devices for child pornography based upon Assistant Chief Smith's affidavit even if the omitted language "concerning the body art, the beach, and the other people" had been inserted into the affidavit because of the way the image was framed. Specifically, Magistrate Judge Carter examined relevant factors to determining whether an image is lascivious and found that one could reasonably conclude that the image's focus on the children's breasts and genitalia "was designed to elicit a sexual response." (Doc. 22 at 10).

"When determining whether an affidavit established probable cause, [the Court] look[s] only to the four corners of the affidavit; information known to the officer but not conveyed to the magistrate is irrelevant." *United States v. Brooks*, 594 F.3d 488, 492 (6th Cir. 2010). To establish probable cause adequate to justify issuance of a search warrant, the governmental entity or agent seeking the warrant must submit to the magistrate an affidavit that establishes "a fair probability that contraband or evidence of a crime will be found in a particular place." *Id.* (quotation omitted). Whether the

6

affidavit does, in fact, give rise to this fair probability depends "on the totality of the circumstances." *Id.* (quotation omitted). Probable cause is a "practical, non-technical conception that deals with the factual and practical considerations of everyday life." *Id.* (quotation omitted).

The Court has reviewed the record in the instant matter and agrees with Magistrate Judge Carter's well-reasoned conclusion. Even when the Court removes the characterization of the photograph as a "child pornographic image" and considers the body art and background of the children, the image was sufficient to establish a fair probability that evidence of a crime would be found on Defendant's electronic devices. Accordingly, the Court finds that the characterization of the photograph as a "child pornographic image" and the omissions regarding the background and body art do not negate probable cause to issue the search warrant and will **OVERRULE** Defendant's objection.

Further, Magistrate Judge Carter found that, even if Assistant Chief Smith's statement characterizing the photograph as a "child pornographic image" was a material misrepresentation, it was not made intentionally or with reckless disregard for the truth. (Doc. 22 at 11). In his objections, Defendant disagrees with this conclusion and "maintains that the affiant and those upon which he relied have . . . showed a reckless disregard for what the law defines as child pornography." (Doc. 23 at 1).

As discussed above, Magistrate Judge Carter, after hearing Det. Durm's testimony, concluded that the affidavit set forth probable cause sufficient to believe that Defendant had committed a crime and that any misrepresentation was not made intentionally or with reckless disregard for the truth. Although Defendant disagrees

with Magistrate Judge Carter's finding, Magistrate Judge Carter arrived at this conclusion after listening to Det. Durm's testimony, evaluating his credibility and demeanor, and considering the procedures taken by both Det. Durm and Assistant Chief Smith regarding this arrest warrant. It has long been the practice of our judicial system to leave credibility determinations to the fact finder best equipped to make those determinations. *See Anderson v. City of Bessemer City, N.C.,* 470 U.S. 564, 565 (1985); *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 394 (1948) ("The practice in equity prior to the present Rules of Civil Procedure was that the findings of the trial court, when dependent upon oral testimony where the candor and credibility of the witnesses would best be judged, had great weight with the appellate court"). Given the procedures taken by Det. Durm and Assistant Chief Smith and the determinative nature of Det. Durm's testimony, the Court sees no reason to disturb Magistrate Judge Carter's finding regarding the intent with which the statement was made, and Defendant's objection will be **OVERRULED**.

Accordingly, the Court **ACCEPTS and ADOPTS** Magistrate Judge Carter's findings of fact, conclusions of law, and recommendations as set forth above pursuant to § 636(b)(1); Defendant's Objections (Doc. 23) are **OVERRULED**; and Defendant's Motion for a Hearing Pursuant to *Franks v. Delaware* (Doc. 13) is **DENIED.**

**SO ORDERED** this 20th day of October, 2014.

                                          */s/ Harry S. Mattice, Jr.*
                                          HARRY S. MATTICE, JR.
                                          UNITED STATES DISTRICT JUDGE