UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 4:13-cr-32-HSM-WBC |
| v. ) | |
| ) | |
| THOMAS JOEL WAGNER ) | |

REPORT AND RECOMMENDATION

I. Introduction

Defendant Thomas Joel Wagner's second motion to suppress evidence of child pornography found in his home is pending. [Doc. 27]. After the Cowan, Tennessee Police Department executed a search warrant for defendant Thomas Joel Wagner's computer and other electronic devices in his home, he was charged with unlawfully and knowingly possessing child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). In this motion, he asserts the warrant affidavit used to obtain the search warrant for his home did not set forth the requisite probable cause. The undersigned concludes the defendant is correct: the affidavit lacked probable cause. However, the undersigned also concludes the good faith exception applies and suppression of evidence is not appropriate in this instance. Therefore, for the reasons stated herein, it is RECOMMENDED that the motion to suppress be DENIED.

II. Facts

*A. Probable Cause and the Search Warrant Affidavit*

The affidavit used to procure the search warrant for defendant's computer and other electronic devices was sworn to on August 22, 2013 by Bruce Smith, Assistant Chief of Police of the Cowan, Tennessee Police Department. The affidavit stated in relevant part:

> 2.   I am an Assistant Chief with the Cowan Police Department; I am currently assigned to the C.I.D./Patrol Division. I have been with the Cowan police

1

Department for 7 years. I have investigated and prosecuted criminal activities for 7 years.

3. Detective Ronnie Durm for the Winchester Police Department, Franklin, Tennessee, is assisting me in the investigation. Detective Ronnie Durm has been [sic] criminal investigator for 6 years. Detective Ronnie Durm is currently assigned to the Internet Crimes Against Children Task Force with the Winchester Police Department, and has handled numerous computer-related crime investigations.

* * *

5. My basis for believing that the computer graphical images depicting minors engaged in sexual activity that is patently offensive in violation of T.C.A. § 39-17-1003 described herein are in the above stated location and that these records are evidence of said violation of criminal law are as follows:

> On 08/21/2013 the Cowan Police Department received information from Detective Ronnie Durm of Winchester Police Department in reference to a Cyber Tip#2008093) from National Center for Missing and Exploited children (NCMEC) in which a child pornographic image with the name "bbrxfppmeq.jpg" was uploaded from the IP address 68.53.0.58 using the user name "johnitguy" on 07/23/2013 at 17:59 UTC to the social media site "Pintrest" [sic]. Cold Brew Labs/Pintrest [sic] legal department then stored the IP address, time and date of the uploaded image (bbrxfppmeq.jpg) and notified NCMEC about the image. The image is described as; I. File name bbrxfppmeq.jpg *which depicts two female children between the age of 10-12 years of age nude exposing breasts and genitals standing next to a male child between the age of 7-9 years of age who is nude.* Detective Durm advised me that he received the Cybertip on 08/14/2013 and on 08/16/2013, Detective Durm issued a judicial subpoena in Franklin County for the IP address 68.53.0.58, user name and subscriber information which returned the following information; Dynamic Internet Protocol (IP) address registered to: Thomas Wagner [redacted] Cowan, TN 37318 in which there was an email registered by the name of "johnitguy@comcast.net".

(Search Warrant Affidavit, Doc. 15-1, Page ID # 37, 39) (emphasis added). The judge who issued the search warrant did not view the actual image at issue; rather, he had only the affidavit upon which to base his decision to issue the search warrant.

2

*B. Procedural History*

In his first motion to suppress, defendant requested a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154, 171 (1978). Defendant argued that the affiant made a false statement in the affidavit and that there were material omissions from the affidavit which, had the statement been excluded and the omissions been included, then probable cause would have been negated.[1] The alleged false statement was that the image at issue was a pornographic image. The alleged material omissions were that the children were standing in a row wearing body art on a beach with other people present. The undersigned agreed with the defendant's assessment and held a hearing in which the actual image at issue was introduced into evidence. The police officer who deemed the image to be pornographic also testified concerning his reasons for concluding the image was pornographic.

When the image was viewed it became clear that there were other aspects of the image, also not mentioned in the affidavit, which appeared to *support* the government's assertion that the image was, in fact, pornography. Specifically, the focus of the image was on the prepubescent girls' breasts and genitals as opposed to their faces. The undersigned ultimately concluded that any omissions from the affidavit relating to the image were not made intentionally or with reckless disregard for the truth and that, when considering the image in its *totality*, it was pornographic. Concomitantly, the undersigned found the affiant had not made a false statement in the affidavit when he averred the image was pornographic.

For purposes of the instant motion, this background is relevant in order to understand that the issue presently before the Court, *i.e.*, whether the affidavit *on its face* supports probable cause, is an issue that was not raised in the first motion and therefore was not addressed by the

---

[1] Defendant's counsel provided his own affidavit to support these assertions and his client's request for a *Franks* hearing.

3

Court. This issue has been raised in this second motion, and the Court has required further briefing on the matter as well. Whether the affidavit on its face sets forth probable cause to believe evidence of child pornography in violation of Tenn. Code Ann. § 39-17-1003 would be found on the electronic devices in defendant's home is now properly before the Court and ripe for review.

III. Analysis

*A. Probable Cause*

To establish probable cause to justify a search warrant, an affidavit must set forth facts which indicate "a fair probability exists that evidence of a crime will be located on the premises of the proposed search." *United States v. Frazier*, 423 F.3d 526, 531 (6th Cir. 2005) (internal citations omitted); *United States v. Jenkins*, 396 F.3d 751, 760 (6th Cir. 2005). The Court must consider the totality of the circumstances as set out in the four corners of the affidavit. *Illinois v. Gates*, 462 U.S. 213, 230 (1983) (totality of the circumstances standard); *Whiteley v. Warden, Wyoming State Penitentiary*, 401 U.S. 560, 565 n. 8 (1971) (court limited to review of affidavit itself), *accord United States v. Henry*, 299 Fed. Appx. 484, 486 (6th Cir. Oct. 24, 2008). A warrant must be upheld "so long as the magistrate had a substantial basis for . . . conclud[ing] that a search would uncover evidence of wrongdoing . . ." *United States v. Smith*, 182 F.3d 473, 477 (6th Cir. 1999) (quoting *Illinois v. Gates*, 462 U.S. 213, 236 (1983)). "The affidavit must contain particularized facts demonstrating 'a fair probability that evidence of a crime will be located on the premises of the proposed search.'" *United States v. McPhearson*, 469 F.3d 518, 524 (6th Cir. 2006) (quoting *United States v. Frazier,* 423 F.3d 526, 531 (6th Cir. 2005)). A magistrate's probable cause determination should be made in a "realistic and common sense fashion" and reviewed in the same manner. *United States v. Finch*, 998 F.2d 349, 351 (6th Cir.

4

1993).

Defendant originally argued that because the image at issue was not attached to the affidavit in order that the judge who issued the warrant could view the image, then the affidavit failed to set forth probable cause.

It is well settled, as noted by the government, that a magistrate need not see all the evidence himself to properly issue a warrant. In *New York v. P.J. Video*, 475 U.S. 868 (1986), for instance, the Supreme Court wrote that it had "never held that a magistrate must personally view allegedly obscene films prior to issuing a warrant authorizing their seizure." *Id.* at 874 n. 5. Instead, "a reasonably specific affidavit describing the content of a film generally provides an adequate basis for the magistrate to determine whether there is probable cause to believe that the film is obscene, and whether a warrant authorizing the seizure of the film should issue." *Id.* In *United States v. Ranke*, 480 Fed. App'x 798, 803 (6th Cir. May 3, 2012), the defendant objected to the affiant's "failure to attach the [child pornography] photographs to the search warrant affidavit…" claiming that the magistrate needed to see the images to independently determine if they depicted real children. The Sixth Circuit disagreed holding that the detective's "failure to attach the photographs themselves did not prevent the search warrant from being issued.." *Id.* The court explained, "a magistrate judge need not view all the evidence personally to make its decision…" *Id. See also United States v. Miknevich*, 638 F.3d 178, 183 (3rd Cir. 2011) (rejecting "any suggestion that a . . .search warrant must include copies of the [child pornographic] images giving rise to the request for a warrant"); *United States v. Battershell,* 457 F.3d 1048, 1052 (9th Cir. 2006) (warrant properly issued based on factual description of child pornography); *United States v. Chrobak,* 289 F.3d 1043, 1045 (8th Cir. 2002) (ruling that a magistrate may base probable cause on viewing images of child pornography *or* on a description of them); *United*

5

*States v. Downsbrough*, 2013 WL 5781570 *10 (E.D. Tenn. Oct. 24, 2013) (finding attachment of the images is not necessary as long as "the affiant's description of the alleged pornographic image [is] sufficiently detailed to allow the issuing judge to make an independent determination of whether the image is child pornography.")

Accordingly, the rule is clear: there is no requirement that an official reviewing an affidavit to search and seize child pornography see the actual images, provided the description of the image in the affidavit itself, along with any other relevant information, set forth the requisite probable cause. Thus, I must examine the description of the image at issue, as well as any other information in the affidavit, to determine if the affidavit set forth the requisite probable cause to search for evidence of child pornography in violation of Tenn. Code Ann. § 39-17-1003(a)(1). To do so, it is necessary to look briefly at the statute.

It is unlawful in Tennessee to knowingly possess material that includes a minor engaged in "sexual activity." Tenn. Code Ann. § 39-17-1003(a)(1). Defendant and the government agree that the only definition of "sexual activity" as defined by Tenn. Code Ann. § 39-17-1002(8) which may apply to the image at issue is that found in subsection (G) of Tenn. Code Ann. § 39-17-1002(8) regarding "lascivious exhibition." The "lascivious exhibition" category of sexual activity is defined opaquely by Tenn. Code Ann. § 39-17-1002(8)(G) as "lascivious exhibition of the female breast or genitals, buttocks, anus or rectal area of any person."[2] The statute does not

---

[2] Tenn. Code Ann. § 39-17-2002(8)(A) – (F) define sexual activity as follows:
    (A) Vaginal, anal or oral intercourse, whether done with another person or an animal;
    (B) Masturbation, whether done alone or with another human or an animal;
    (C) Patently offensive, as determined by contemporary community standards, physical contact with or touching of a person's clothed or unclothed genitals, pubic area, buttocks or breasts in an act of apparent sexual stimulation or sexual abuse;

define "lascivious" itself. As discussed by several courts, images of sexual activity involving minors deemed illegal because of its "lascivious" nature is a far more subjective category of sexual activity than those categories which can be more easily identified such as intercourse or masturbation.[3] *United States v. Battershell*, 457 F.3d 1048, 1051 (9th Cir. 2006) (finding "lascivious exhibition of the genitals" to be a more subjective category than the categories delineated as "intercourse," "bestiality," "masturbation," and "sadistic or masochistic abuse"); *United States v. Rivera*, 546 F.3d 245, 250-51 (2d Cir. 2008) (noting subjective nature of the "lascivious" category of child pornography); *United States v. Brunette*, 256 F.3d 14, 18 (1st Cir. 2001) ("the identification of images that are lascivious will almost always involve, to some

---

> (D) Sadomasochistic abuse, including flagellation, torture, physical restraint, domination or subordination by or upon a person for the purpose of sexual gratification of any person;
> (E) The insertion of any part of a person's body or of any object into another person's anus or vagina, except when done as part of a recognized medical procedure by a licensed professional;
> (F) Patently offensive, as determined by contemporary community standards, conduct, representations, depictions or descriptions of excretory functions;

[3] Defendant is charged under federal law with knowingly possessing a visual depiction of a minor engaged in "sexually explicit conduct." 18 U.S.C. § 2252(a)(4). "[S]exually explicit conduct" is defined as:

> **(i)** sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex;
>
> **(ii)** bestiality;
>
> **(iii)** masturbation;
>
> **(iv)** sadistic or masochistic abuse; or
>
> **(v)** lascivious exhibition of the genitals or pubic area of any person;

18 U.S.C. § 2256(2)(A). The undersigned concludes that for all practical purposes, the definition of the "lascivious" category of child pornography is the same under Tennessee law and federal law. *See supra* p. 6, discussion of Tenn. Code Ann. § 39-17-1003(a)(1) prohibiting the possession of material depicting minors involved in sexual activity and Tenn. Code Ann. § 39-17-1002(8)(G) defining one category of sexual activity as the "lascivious exhibition of the female breast or genitals, buttocks, anus or rectal area of any person."

7

degree, a subjective and conclusory determination on the part of the viewer") (quoting *United States v. Brunette*, 76 F.Supp.2d 30, 39 (D. Me. 1999)).

In an effort to define "lasciviousness," the district court in *United States v. Dost*, 636 F.Supp. 828, 832 (S.D. Cal. 1986), developed six factors to consider when evaluating whether an image meets the definition of lasciviousness for purposes of determining that the image is child pornography. Numerous courts across the country have since adopted and used these "Dost factors" to define lascivious including the court in *Tennessee v. Dixon*, No. 01C01-9802-CC-00085 (Tenn. Crim. App. Oct. 13, 1998) and the Sixth Circuit in *United States v. Brown*, 579 F.3d 672, 680 (6th Cir. 2009). *See also, United States v. Downsbrough*, 2013 WL 5781570 *9 (E.D. Tenn. Oct. 24, 2013) (same). Those factors to consider when examining whether an image falls within the "lascivious" category of child pornography are:

> 1) whether the focal point of the visual depiction is on the child's genitalia or pubic area;
>
> 2) whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity;
>
> 3) whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child;
>
> 4) whether the child is fully or partially clothed, or nude;
>
> 5) whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity;
>
> 6) whether the visual depiction is intended or designed to elicit a sexual response in the viewer.

*Dost,* 636 F. Supp. at 832. The list is not exhaustive, and the image need not involve all these factors to be deemed lascivious. *Id.*; *Brown*, 579 F.3d at 680; *Downsbrough*, 2013 WL 5781570 *9.

Circuit Judge Buddy Perry of Franklin County, Tennessee is the magistrate who reviewed the affidavit and signed the search warrant at issue. The description in the affidavit about the image at issue was exceedingly sparse. The entire description of the image, excluding the officer's own opinion that it was pornographic, was that the image "depicts two female children between the age [sic] of 10-12 years of age nude exposing breasts and genitals standing next to a male child between the age of 7-9 years of age who is nude." There was no information provided to indicate that the poses of the children were inappropriate or unnatural, that there was a focus on the girls' breasts or the children's genitalia, that the children were depicted in a sexually suggestive manner or exhibited sexual coyness or that the children were dressed in sexually suggestive attire. In comparison, for example, in *United States v. Meeks,* 290 Fed. Appx. 896 (6th Cir. Aug. 28, 2008), the Sixth Circuit considered whether images entitled "Russian Lolitas" and described as depicting prepubescent girls, one wearing an oversized fishnet blouse revealing her chest and genitals and another wearing an oversized shirt revealing chest and genitals and posing in positions with legs apart while lying or sitting on a blanket, were lascivious. The Court found the description was sufficient to conclude the photographs were lascivious as the children were wearing clothing inappropriate for their ages, posed in unnatural positions for minors, and the word "Lolita," defined in the American Heritage Dictionary as a "seductive adolescent girl," is sexually suggestive. *Id.* at * 6. In contrast, in this case, the affidavit simply indicates the children were nude and, as such, breasts and genitals were visible.

"[N]udity of a child alone does not make the depiction child pornography…." *Downsbrough*, 2013 WL 5781570 *13; *see also,United States v. Davis*, 751 F.3d 769, 776 (6th Cir. 2014) ("Nudity alone, without more, cannot be "child pornography" under federal law"); *United States v. Hernandez,* 183 F. Supp.2d 468, 474 (D. Puerto Rico 2002) (finding description

9

of a photograph depicting a young girl completely naked trying to put on a ballerina costume fails to establish that photograph was "lascivious" for purposes of federal child pornography statute); *United States v. Amirault*, 173 F.3d 28, 33-35 (1st Cir. 2002) (no violation of the federal statute prohibiting child pornography where "the only truly striking aspects of the photograph [were] the girl's nakedness and her youth" and "the statute requires more than nudity"); *United States v. Horn*, 187 F.3d 781, 789 (8th Cir. 1999) ("Nudity alone does not fit this description [of lascivious]"); *United States v. Doyle*, 650 F.3d 460, 474 (4th Cir. 2011) (holding there was no probable cause because the affidavit did not provide "anything more than a description of the photographs as depicting nude children.")

The officer's assertion that the image was pornographic does not save the affidavit. *See United States v. Vigeant*, 176 F.3d 565, 571 (1st Cir. 1999) ("Unsupported conclusions [of an officer] are not entitled to any weight in the probable cause determination"); *United States v. Pavulak*, 700 F.3d 651, 661 (3rd Cir. 2012) ("Presented with just the label 'child pornography,' the most the magistrate could infer was that *the affiant* concluded that the images constituted child pornography"); *Downsbrough*, 2013 WL 5781570 *1 ("the affiant's description of the alleged pornographic image must be sufficiently detailed to allow the issuing judge to make *an independent determination* of whether the image is child pornography, rather than rely solely on the affiant's conclusory statement that it is") (emphasis added); *United States v. Battershell*, 457 F.3d 1048, 1051 (9th Cir. 2006) (description of young, naked female in bathtub was insufficient to establish lascivious category of child pornography and affiant's statement that it was lascivious was also insufficient as conclusory); *United States v. Brunette*, 256 F.3d 14, *17 (1st Cir. 2001) (holding affiant's bald assertion in his affidavit that the images at issue depicted a prepubescent boy lasciviously displaying his genitals was an attempt to mirror the language of

10

the child pornography statute and "[t]his bare legal assertion, absent any descriptive support and without an independent review of the images," was insufficient to support probable cause.)

Based on a careful consideration of the case law and a review of the affidavit at issue, I conclude that the affidavit fails to support probable cause to believe that the image at issue was pornographic and, in turn, that child pornography would be found at the defendant's residence on his electronic devices. I will now examine whether the good faith exception to the exclusionary rule applies.

### B. The Good Faith Exception to the Exclusionary Rule

Exclusion of evidence is not an automatic consequence of a Fourth Amendment violation. *Herring v. United States*, 555 U.S. 135, 140-41 (2009). Exclusion is "not an individual right" and applies only where it results in "appreciable deterrence" of police misconduct. *Id.* at 141 (citing *United States v. Leon*, 468 U.S. 897, 909 (1984)). " '[T]he deterrent value of the exclusionary rule is most likely to be effective' when 'official conduct was flagrantly abusive of Fourth Amendment rights' "). *Herring*, 555 U.S. at 143 (quoting *Brown v. Illinois*, 422 U.S. 590, 610–611 (1975) (Powell, J., concurring in part.)) The benefits of deterrence must outweigh the societal costs of exclusion to apply. *Herring*, 555 U.S. at 700 (citing *Leon*, 468 U.S. at 910).

> … The principal cost of applying the rule is, of course, letting guilty and possibly dangerous defendants go free—something that "offends basic concepts of the criminal justice system." *Leon*, *supra*, at 908, 104 S.Ct. 3405. "[T]he rule's costly toll upon truth-seeking and law enforcement objectives presents a high obstacle for those urging [its] application." *Scott*, supra, at 364–365, 118 S.Ct. 2014 (internal quotation marks omitted)[.]

*Herring*, 555 U.S. at 141. The Supreme Court created the good faith exception to the exclusionary rule in *United States v. Leon*, 468 U.S. 897, 909 (1984), and the Sixth Circuit has summarized the doctrine as follows:

11

> *United States v. Leon* modified the exclusionary rule so as not to bar from admission evidence "seized in reasonable, good-faith reliance on a search warrant that is subsequently held to be defective." 468 U.S. 897, 905, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). Where an officer's reliance on a warrant is objectively reasonable, the Supreme Court held, no additional deterrent effect will be achieved through the exclusion from evidence of the fruits of that search. *See id.* at 922, 104 S.Ct. 3405. However, the good-faith exception is inapposite in four situations: (1) where the issuing magistrate was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard for the truth; (2) where the issuing magistrate wholly abandoned his judicial role and failed to act in a neutral and detached fashion, serving merely as a rubber stamp for the police; (3) where the affidavit was nothing more than a "bare bones" affidavit that did not provide the magistrate with a substantial basis for determining the existence of probable cause, or where the affidavit was so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; and (4) where the officer's reliance on the warrant was not in good faith or objectively reasonable, such as where the warrant is facially deficient. See id. at 923, 104 S.Ct. 3405.

*United States v. Rice*, 478 F.3d 704, 711 (6th Cir. 2007) (quoting *United States v. Hython*, 443 F.3d 480, 484 (6th Cir. 2006)).

Defendant Wagner asserts that the second and third exclusions to the good faith exception apply: (2) the issuing magistrate acted as a rubber stamp for police and (3) the affidavit was nothing more than a bare bones affidavit and so lacking in probable cause as to render belief in its existence unreasonable.

### *1. Rubber Stamp Exclusion*

"In issuing a warrant, the magistrate must have 'perform[ed] his neutral and detached function and not serve[d] merely as a rubber stamp for the police.'" *United States v. Labelle*, 390 Fed. Appx. 539, 544 (6th Cir. 2010) (brackets original) (quoting *United States v. McPhearson*, 469 F.3d 518, 524 (6th Cir. 2006)). "The defendant carries the burden of proving that the issuing magistrate acted as a rubber stamp." *United States v. Frazier*, 423 F.3d 526, 537 (6th Cir. 2005) (citing *United States v. Rodriguez–Suazo,* 346 F.3d 637, 649 (6th Cir. 2003)). It appears that defendant is arguing Judge Perry, who issued the warrant, acted as a rubber stamp for police

12

because, by issuing the search warrant, he must have accepted the officer's statement in the affidavit that the image at issue was "pornographic." Where courts have addressed allegations that a magistrate has acted as a rubber stamp for police, there have generally been some allegations of improper conduct on the part of the magistrate which would indicate his lack of neutrality and detachment. For example, in *Frazier*, 423 F.3d at 537, the defendant asserted the issuing magistrate did not read the affidavit used to support the search warrant and based his decision to issue the warrant on unsworn testimony. There is simply no evidence to support a finding that Judge Perry failed to conduct himself in a neutral and detached manner thereby acting as a rubber stamp for police when he issued the search warrant at issue.

### B. Bare Bones, Lacking in Indicia of Probable Cause Exclusion

The defendant asserts the affidavit used to obtain the search warrant was nothing more than "bare bones," and consequently, the good faith exception to the exclusionary rule does not apply. Had the affiant simply stated the image was pornographic, the undersigned would have more approbation for defendant's "bare bones" argument, but the affidavit contained some specific details about the image stating it "depicts two female children between the age [sic] of 10-12 years of age nude exposing breasts and genitals standing next to a male child between the age of 7-9 years of age who is nude." Thus, the undersigned concludes the affidavit was not a "bare bones" affidavit; it had a little weight on it.

Defendant also asserts the affidavit was so lacking in indicia of probable cause as to render a reliance upon its existence unreasonable. This is a more difficult issue than the first. As previous discussed, the "lascivious" category of sexual activity involving a minor is a more difficult category to describe than other categories of sexual activity such as intercourse or masturbation. For the average reader these latter categories are self-defining and easily

13

recognized. On the other hand, what constitutes the lasciviousness is not clear. Other circuits have addressed what detail is required in an affidavit to support probable cause in the "lascivious" category of sexual activity, but there is no comparable binding decision within the Sixth Circuit. For the following three reasons, I conclude the exclusionary rule should not apply in this case.

First, as previously mentioned, the affidavit at issue is not *devoid* of specificity. The affidavit did describe the image as depicting "two female children between the age [sic] of 10-12 years of age nude exposing breasts and genitals standing next to a male child between the age of 7-9 years of age who is nude." While nude photographs of babies and toddlers, famously unself-conscious in their birthday suits, taken by adoring parents eager to document every sweet, innocent, and dear moment of their small children's lives are not unusual, it is unusual to see photographs exposing the private parts of tween children who, by definition, are on the cusp of puberty and often quite shy about their developing bodies. A description of a photograph such as the one at issue in this case raises concern worthy of follow-up for any prudent adult who cares about children. Thus, the undersigned cannot say that the description of the image in the affidavit is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable."

Second, other Circuits have applied the good faith exception in cases where the affidavits at issue failed to set forth with the requisite specificity the descriptions of photographs of lascivious sexual conduct involving minors where it was not sufficiently clear within that jurisdiction at the time the warrant was issued that greater detail was required. *United States v. Pavulak*, 700 F.3d 651, 664 (3rd Cir. 2012) ("the warrants were sought and issued in 2009, but the cases leading us to conclude that the affidavit was insufficient …were not decided until 2010

and 2011"); *United States v. Gatherum*, 338 Fed. Appx. 271, 277 (4th Cir. July 7, 2009) (holding that while the affidavit was inadequate, the good faith exception applies because "this court has yet to address the question directly"); *United States v. Brunettee*, 256 F.3d 14, 19 (1st Cir. 2001) ("although we hold that the omission of images or a description of them was a serious defect in the warrant application, the uncertain state of the law at the time made reliance on the warrant objectively reasonable.") Such was the case here where there is no binding Sixth Circuit precedent clearly enunciating the degree of specificity required in the affidavit for "lascivious" sexual conduct.

Third, the undersigned notes that a more thorough description of the image at issue would have shown the image to be pornographic given its focus on the breasts and genitals of the two young girls. (*See* September 29, 2015 Report and Recommendation at 10-11 [Doc. 22] and October 20, 2015 Order accepting and adopting Report and Recommendation). Thus, this situation does not rise to the level of flagrantly abusive conduct the exclusionary rule was meant to address.

## IV. Conclusion

For the reasons stated herein, the undersigned concludes the search warrant affidavit fails to set forth probable cause but, because it is not so lacking in indicia of probable cause as to render belief in it entirely unreasonable, I also conclude the good faith exception applies. Accordingly, it is RECOMMENDED defendant's motion to suppress be DENIED.

SO ORDERED.

ENTER.

S/*William B. Mitchell Carter*
UNITED STATES MAGISTRATE JUDGE

15