UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 4:13-cr-32 |
| v. ) | |
| ) | Judge Mattice |
| THOMAS JOEL WAGNER ) | Magistrate Judge Carter |

## ORDER

Defendant Thomas Joel Wagner was indicted on November 26, 2013 for one count of possessing child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). (Doc. 1). On November 4, 2014, Defendant filed a Motion to Suppress the evidence seized in this case. (Doc. 27). The Government opposed the Motion, and numerous supplemental briefs and responses were filed by the parties. (Docs. 30, 34, 35, 37).

On April 20, 2015, United States Magistrate Judge William B. Carter filed his Report and Recommendation (Doc. 38) pursuant to 28 U.S.C. § 636(b)(1). Magistrate Judge Carter recommended that Defendant's Motion to Suppress be denied. (*Id.*). Magistrate Judge Carter found that the warrant affidavit used to obtain the search warrant for Defendant's home lacked probable cause on its face, as it merely stated that the image in question depicted nude children and opined that the image was pornographic. Nonetheless, Magistrate Judge Carter found that Defendant failed to meet his burden of demonstrating that the magistrate judge who issued the warrant engaged in improper conduct or acted as a "rubber stamp" for the police. He also found that the supporting affidavit contained more than the "bare bones" and was not so lacking in indicia of probable cause as to make reliance upon it wholly unreasonable. Accordingly, Magistrate Judge Carter concluded that suppression of the evidence was not appropriate based on an application of the good-faith exception.

Both parties filed timely objections to the Report and Recommendation. (Docs. 39-40). Defendant objects to Magistrate Judge Carter's finding that the good-faith exception applies in this instance, specifically arguing that: (1) the magistrate was misled by the information in the affidavit, as it failed to fully describe the picture or include a copy of the picture; (2) the affidavit was bare bones and unreliable because it failed to fully describe the picture or include a copy of the picture; (3) the magistrate acted as a rubber stamp regardless of the fact that he did not engage in improper conduct; (4) the photo was not lascivious or pornographic because the focus of the photo was on the children's body art; and (5) the officer did not act in good faith because he deliberately misled the magistrate in order to obtain a warrant. (Doc. 39).

The Government objects to Magistrate Judge Carter's finding that the affidavit was not supported by probable cause, specifically arguing that deference is due to the reviewing official and that the affidavit described more than mere nudity by stating that the image involved exposed genitals of young children. (Doc. 40). The Government notes it agreement with Magistrate Judge Carter's conclusion that, if the affidavit did not contain probable cause, the good-faith exception applies to bar exclusion in this case. (*Id.*).

The Court must conduct a *de novo* review of those portions of the Report and Recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1)(C). The Court may also receive further evidence or recommit the matter to the magistrate judge with instructions. *Id.*

The parties did not object to the basic facts as outlined in Magistrate Judge Carter's Report and Recommendation, but rather, only to the findings and legal

conclusions related to those facts. After reviewing the record, and finding the facts to be consistent with Magistrate Judge Carter's Report and Recommendation, the Court **ADOPTS BY REFERENCE** the facts as set out in the Report and Recommendation. (Doc. 35 at 2-9). *See, e.g.*, *United States v. Winters*, 782 F.3d 289, 295 n.1 (6th Cir. 2013).

The Court's *de novo* review of the portions of the R&R to which the parties specifically object results in the same conclusions reached by the magistrate judge. Magistrate Judge Carter applied the proper legal standards and correctly concluded that the affidavit lacked sufficient probable cause but that suppression is nonetheless not warranted because the good-faith exception applies in this case.[1] The Court finds no reason to elaborate on these decisions in light of the well-reasoned and thorough conclusions in the Report and Recommendation, which the Court will **ACCEPT** and **ADOPT BY REFERENCE** as its own.

Accordingly, the Objections of both parties (Docs. 39-40) are **OVERRULED**; (2) Magistrate Judge Carter's Report and Recommendation (Doc. 38) is **ACCEPTED** and **ADOPTED**; and (3) Defendant's Motion to Suppress (Doc. 27) is **DENIED**.

---

[1] The Government argues that Magistrate Judge Carter placed too much emphasis on the so-called *Dost* factors in reviewing the affidavit in question, as those factors are "primarily tools for determining whether, as a matter [of] law, images amount to child pornography." (Doc. 40 at 6-7); *United States v. Dost*, 636 F. Supp. 828, 832 (S.D. Cal. 1986); *see also United State v. Brown*, 579 F.3d 672, 680 (6th Cir. 2009) (adopting the *Dost* factors). The Court agrees with the Government to the extent that it argues that an affidavit need not fully comport with the *Dost* standards in order to establish probable cause; nonetheless, the Court finds that consideration of the *Dost* factors is relevant in assessing the probable cause determination in a situation such as this one and further finds that Magistrate Judge Carter did not apply the *Dost* factors in an overly rigid fashion in this case.

**SO ORDERED** this 9th day of June, 2015.

                                               */s/ Harry S. Mattice, Jr.*
                                                HARRY S. MATTICE, JR.
                                                UNITED STATES DISTRICT JUDGE

Case 4:13-cr-00032-HSM-CHS   Document 41   Filed 06/09/15   Page 4 of 4   PageID #: 249